NOT DESIGNATED FOR PUBLICATION

No. 116,724

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of I.O.,
A Minor Child.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DANIEL T. BROOKS, judge. Opinion filed May 26, 2017.
Affirmed.

*Shannon L. Cooper*, of Andover, for appellant natural father.

*Julie A. Koon*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.


Before GARDNER, P.J., PIERRON and ATCHESON, JJ.


*Per Curiam*:  The Sedgwick County District Court terminated the rights of W.D. to parent I.O., his 11-year-old daughter, on the grounds that his extended term of imprisonment rendered him unfit, the condition was unlikely to change in the foreseeable future, and that the child's best interests would be served by termination. W.D. has appealed, challenging the sufficiency of the evidence to support those determinations. We find no error in the district court decision and affirm.

The State filed a petition in early March 2015 to have I.O. and her older, half-sister adjudicated in need of care. The children were living with N.D., their mother, who neglected and abused them. N.D. has voluntarily relinquished her parental rights with respect to I.O. and is not involved in this appeal. The district court granted temporary custody of I.O. to the Secretary of the Department for Children and Families, and the

child was placed with a foster family. W.D. was unavailable as a placement option for I.O. because he was living at the Community Corrections Residential Facility in Sedgwick County as a condition of his probation following a conviction for aggravated burglary, a felony. The district court adopted a family reintegration plan, under which a case manager worked with W.D. and N.D.

W.D. later violated the terms of his probation. In his criminal case, the district court revoked his probation and ordered him to serve a 54-month sentence in the Kansas prison system. In November 2015, the State filed a motion to terminate the parental rights of both W.D. and N.D. At that time, they agreed to the termination. But W.D. later filed a motion to rescind his relinquishment of rights. The district court granted the motion and held a termination hearing in March 2016.

At the termination hearing, W.D. testified he had been in jail, the residential facility, or prison almost continuously since mid-September 2014 and had only limited contact or communication with I.O. during that time. W.D. said his earliest release date from prison had been set as June 20, 2018. A social worker testified that I.O. had been physically and psychologically abused by her mother and continued to deal with emotional issues as a result. The social worker also testified that I.O. had not formed a significant parent-child bond with W.D. and expressed a desire not to see him.

In April 2016, the district court filed an order terminating W.D.'s parental rights, making the requisite statutory findings under K.S.A. 2016 Supp. 38-2269 by clear and convincing evidence that W.D. was unfit and the condition of unfitness was unlikely to change in the foreseeable future and further finding that I.O.'s best interests would be advanced by termination. The district court specifically relied on W.D.'s felony conviction and extended incarceration—a statutorily recognized ground for parental unfitness. K.S.A. 2016 Supp. 38-2269(b)(5) ("conviction of a felony and imprisonment"

2

sufficient to find unfitness). W.D. filed a late notice of appeal. But after receiving responses to a show cause order, this court permitted the appeal to go forward.

On appeal, W.D. challenges the sufficiency of the evidence supporting the district court's decision to terminate his parental rights.

A parent's liberty interest in the relationship with his or her child is a constitutionally protected right. See *Santosky v. Kramer*, 455 U.S. 745, 753, 759-60, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re B.D.-Y.*, 286 Kan. 686, 697-98, 187 P.3d 594 (2008). Because the right has been deemed fundamental, the State may terminate the relationship only upon a clear and convincing showing of parental unfitness. K.S.A. 2016 Supp. 38-2269(a); *In re R.S.*, 50 Kan. App. 2d 1105, Syl. ¶ 1, 336 P.3d 903 (2014). As provided in K.S.A. 2016 Supp. 38-2269(a), the State must prove that the parent is unfit "by reason of conduct or condition" so that he or she is "unable to care properly for a child" and that the circumstances are "unlikely to change in the foreseeable future." The statute includes a nonexclusive list of nine conditions that standing alone or in combination would constitute unfitness. K.S.A. 2016 Supp. 38-2269(b). The statute also includes four other factors that may be considered when a parent no longer has physical custody of a child. K.S.A. 2016 Supp. 38-2269(c).

When reviewing a district court's unfitness determination, an appellate court must be convinced, based on the complete evidentiary record viewed in the State's favor, as the prevailing party, that a rational factfinder could have found that decision "highly probable, *i.e.*, [proved] by clear and convincing evidence." *In re B.D.-Y.*, 286 Kan. at 705. The appellate court cannot reweigh evidence, redetermine the credibility of witnesses, or redecide factual disputes. 286 Kan. at 705. In other words, any evidentiary conflicts are to be resolved in the State's favor and against W.D.

After finding the parent unfit, the district court must then determine whether terminating parental rights is "in the best interests of the child." K.S.A. 2016 Supp. 38-2269(g). That determination is made based on a preponderance of the evidence. *In re R.S.*, 50 Kan. App. 2d at 1116. In deciding the best-interests issue, the district court relies on its sound judicial discretion. 50 Kan. App. 2d at 1115-16. An appellate court reviews such decision for abuse of discretion. Judicial discretion is abused if no reasonable person would have taken the district court's view, the district court's ruling is based on a factual error, or the district court's ruling is based on a legal error. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

With those legal principals in mind, we turn to W.D.'s challenge to the evidence. At the time of the termination hearing, W.D. was in prison and would remain there for at least 27 months, as a result of his conviction for aggravated burglary, a severity level 5 person felony. Plainly, W.D. cannot properly care for I.O. while he remains in prison. The evidence at the termination hearing also demonstrated that W.D. would be unable to immediately parent I.O. on his release from prison. He would have to find gainful employment and suitable housing. In addition, W.D. would have to otherwise be fit to care for I.O. W.D.'s criminal problems came with an overlay of continuing substance abuse, so he would need to have his addiction under control. The evidence supports the district court's determination that W.D. was unfit, especially in light of the legislature's explicit recognition in K.S.A. 2016 Supp. 33-2269(b)(5) that a felony conviction and imprisonment is sufficient.

The evidence also warrants the district court's finding that the condition of unfitness—W.D.'s incarceration—would not likely change in the foreseeable future. The time element in K.S.A. 2016 Supp. 33-2269 must be viewed from I.O.'s perspective as an 11-year-old because children perceive the passage of time differently from the way adults

do. K.S.A. 2016 Supp. 38-2201(b)(4); *In re M.B.*, 39 Kan. App. 2d 31, 45, 176 P.3d 977 (2008); *In re G.A.Y.*, No. 109,605, 2013 WL 5507639, at *1 (Kan. App. 2013) (unpublished opinion) ("'child time'" differs from "'adult time'" in care proceedings "in the sense that . . . a year reflects a much longer portion of a minor's life than an adult's"). As we have said, W.D.'s release was more than 2 years in the future at the time of the hearing. He argues that an 11-year-old would not consider the length of time to be so distant as to meet the statutory test. Particularly here, we disagree. That remains a considerable time—something on the order of 20 percent of I.O.'s life. And the estimate reflects a "best-case" scenario. W.D. might have problems in prison that would delay his release. As we have mentioned, he would not be in a position to immediately parent I.O. in an established, acceptable home environment. This court has found that a 2 1/2- year delay was too long for a 10-year-old to wait for permanency. *In re C.C.*, 29 Kan. App. 2d 950, 954, 34 P.3d 462 (2001).

Similarly, if a parent and child have a healthy, well-developed bond, a district court might find incarceration for a couple of years to be within the range of foreseeability for an older child. See *In re M.H.*, 50 Kan. App. 2d 1162, 1172, 337 P.3d 711 (2014). Here, however, the circumstances are otherwise. The evidence showed W.D. and I.O. had no relationship. And I.O. expressed no desire to be with her father, impeding the development of a parent-child bond. When the district court assessed termination, I.O. was a preteen for whom 2 to 3 years represented an extended wait for permanency. We find the evidence, therefore, supported the district court's finding that the condition of unfitness would not change in a sufficiently timely manner.

W.D. also argues that termination of his parental rights was not in I.O.'s best interests. All of the circumstances we have already discussed properly bear on the best-interests determination. They weigh against a conclusion that continuing W.D.'s parental rights would benefit I.O. To reverse the district court based on the best-interests component, we would have to find an abuse of judicial discretion. The district court

5

understood the factual circumstances, appreciated the governing legal grounds, and reached a conclusion well supported in each. There can be no abuse of discretion in that instance.

Having carefully examined the record and W.D.'s legal arguments, we find no fault with the district court's order terminating parental rights in this case.

Affirmed.